UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Camden Vicinage

Case No. 12-11

In re Liberty Media Holdings LLC: the Identification of John Does 1-265 Pursuant to the Digital Millennium Copyright Act ("DMCA")

APPLICATION AND DECLARATION IN SUPPORT OF ISSUANCE OF SUBPOENA UNDER 17 U.S.C. § 512(h)

## APPLICATION AND DECLARATION IN SUPPORT OF ISSUANCE OF SUBPOENA UNDER 17 U.S.C. § 512(h)

Pursuant to 17 U.S.C. § 512(h)(2)(C), I, A. Jordan Rushie, attorney for Liberty Media Holdings LLC ("Liberty"), with a principal place of business at 4262 Blue Diamond Rd. Ste. 102-377, Las Vegas, NV 89139, doing business under the trademark Corbin Fisher®, hereby swears that the purpose for which Liberty seeks the registered subpoenas is to obtain the identity of alleged copyright infringers, and that such information will only be used for the purpose of protecting Liberty's intellectual property rights.

Liberty is aware of precedent concerning the use of Digital Millennium Copyright Act ("DMCA") subpoenas to identify individuals from cable service providers in the Court of Appeals for the District of Columbia Circuit, *Recording Industry Ass'n of America v. Verizon Internet Servs., Inc.*, 351 F.3d 1229 (D.D.C. 2003), as well as the Eighth Circuit Court of Appeals, *In re Charter Comm'ns, Inc.*, 393 F.3d 771 (8th Cir. 2005). This matter of law, however, is unsettled within the Third Circuit, and has not been addressed by the Third Circuit Court of Appeals.

Contrarily, it is the Petitioner's position that the Third Circuit Court of Appeals would find contrary to these courts and would agree with the dissent in *In re Charter*, 393 F.3d at 778. A plain reading of the DMCA will reveal that "[t]he subpoena power created by Congress in § 512(h) does not limit the type of service provider for whom subpoenas may be issued in the fight against internet piracy." "The only viable way for copyright owners to vindicate their intellectual property rights in a timely manner when infringing materials are transmitted across peer to peer

networks is to subpoena the [internet service providers, a/k/a] ISPs for disclosure of the identities of alleged infringers." *Id.* at 779.

The *Charter* Court's Dissent further noted that "[t]he suggestion that copyright holders should be left to file John Doe lawsuits to protect themselves from infringement by subscribers of conduit ISPs like Charter, instead of availing themselves of the mechanism Congress provided in the DMCA, is impractical and contrary to legislative intent." *Id.* at 782. Indeed, "[n]owhere in the DMCA did Congress indicate that copyright holders should be relegated to such cumbersome and expensive measures [as filing individual adversarial lawsuits] against conduit ISPs. The legislative history shows that the purpose of the subpoena power in the DMCA was to obtain the assistance of ISPs in an expeditious process to stop infringement." *Id.*

On this basis, this Court may properly grant Liberty subpoena power under 17 U.S.C. § 512(h) in order to pursue the infringers of its copyrighted works as identified by their Internet Protocol addresses in the accompanying proposed subpoena.

Executed under penalty of perjury this 16th day of January, 2012.

                      Liberty Media Holdings, LLC
                      By its attorney,

                      A. Jordan Rushie, Esq.
                      2424 E York Street, Ste. 316
                      Philadelphia, PA 19125
                      215-268-3978
                      jrushie@gmail.com
                      Bar ID: #40323-2008